## P. L. SLAUGHTER v. W. E. OWENS.

### (Case No. 4258.)

1. VENDOR'S LIEN.— Though a purchase money note given for land may not disclose the lien on its face, yet if it is expressed and reserved in the deed, and the note be afterwards substituted by another, executed by the purchaser and by another party, who was under no obligation originally to pay the purchase money, unless there was an intention not to rely on the lien, the same still exists and may be enforced against a purchaser, who was put upon inquiry by the recitals of the deed as to whether the purchase money had been paid. Following Ellis v. Singletary, 45 Tex., 37.

2. LIMITATION — VENDOR'S LIEN.— A judgment upon a note, which is a lien on land for unpaid purchase money, preserves the lien, so that if a suit be brought on such personal judgment to revive the same, and have it declared a lien on the land, though more than four years have elapsed from the maturity of the note to the institution of the second suit, the bar of limitation will not apply. The note, which holds the lien, having been merged in the first judgment, no limitation as to the lien can apply, as long as the judgment remains a subsisting and valid claim against the debtor.

3. CASES DISCUSSED.— Ball v. Hill, 48 Tex., 634, and McAlpin v. Burnett, 19 Tex., 500, discussed.

4. PARTIES.— In such proceeding to revive a judgment and declare a lien on land for the amount thereof, the parties executing the note on which the first judgment was rendered, as well as a subsequent purchaser of the land, are necessary parties.

5. VENDOR'S LIEN.— The vendor's lien exists by reason of the debt alone; so long as that continues and can be enforced, the lien subsists and can be foreclosed.

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

William Owens, on the 14th day of October, 1879, sued A. P. Lee, John Calvert and P. L. Slaughter, the appellant, to substitute and revive a personal judgment recovered by him on the 12th day of November, 1875, against Lee & Calvert for $293.75, which had become dormant, and had been destroyed; to have the same declared a lien, and to foreclose the lien upon a tract of one hundred and sixty acres of land which Owens had conveyed to one Shroyer on the 24th day of September, 1873, and which had subsequently been conveyed by Shroyer to Slaughter, alleging that the note upon which the judgment was obtained against Lee & Calvert was given for part of the purchase money of the land, and that Slaughter purchased with notice of the debt.

Slaughter answered by general demurrer, special exception, general denial and special answer, setting up in bar the statute of limitation of four years, the plea of innocent purchaser in good faith,

etc. The case was tried before the judge, without a jury, and judgment was rendered foreclosing the vendor's lien, and ordering the land sold to pay the original judgment, with interest.

The plaintiff had recovered a personal judgment for $293.75 November 12, 1875, against A. P. Lee and John Calvert, the record of which was destroyed by fire, and no execution had ever been issued upon it. Plaintiff claimed that this judgment was obtained upon a note given by Lee & Calvert for part of the purchase money of the land owned by defendant Slaughter, the appellant. The evidence showed that appellee, Owens, sold the land to Shroyer in September, 1873, who sold and conveyed it to Slaughter in December, 1873; that Owens received for the land $100 cash and A. P. Lee's note for $300, and his written obligation for the delivery of cattle, the note being payable December 1, 1874, and the obligation for the cattle being payable May 1, 1874. Afterwards, on the 24th day of December, 1874, Owens, the appellee, had a settlement with Lee, and delivered up to him his notes, and took the note of Lee & Calvert for the balance due him from Lee, to wit, for $1,097.31, and upon this last note the aforesaid judgment was rendered.

*A. J. Harris* and *W. B. Abney,* for appellant, cited: Austin *v.* Reynolds, 13 Tex., 544; Henderson *v.* Vanhook, 24 Tex., 359; Preston *v.* Breedlove, 45 Tex., 47; Story's Eq. Pl., secs. 40, 503; 14 Tex., 418; 3 Tex., 540; Parker *v.* Beavers, 19 Tex., 410; Paul *v.* Perez, 7 Tex., 345; Burnett *v.* Henderson, 21 Tex., 590; Denison *v.* League, 16 Tex., 408; Pitschki *et al. v.* Anderson, 49 Tex., 1; Houston *v.* Musgrove, 35 Tex., 597.

On waiver of the vendor's lien, they cited: 2 Story's Eq. Jur., 478, 480, 590, and notes under § 1226; Preston *v.* Breedlove, 45 Tex., 47; Parker County *v.* Sewell, 24 Tex., 238, 239; Faver *v.* Robinson, 46 Tex., 206; Ball *v.* Hill's Adm'r, 48 Tex., 634; Willis & Bro. *v.* Gay's Adm'r, 48 Tex., 463; Pitschki *v.* Anderson, 49 Tex., 1; Brightman *v.* Word, 37 Tex., 311; Roberts *v.* Johnson, 48 Tex., 137; 52 Tex., 252; Selby *v.* Stanley, 4 Minn., 65; Baum *v.* Grisby, 21 Cal., 172.

*Walter Acker* and *Mathews & Walker,* for appellee.

Willie, Chief Justice.— In our opinion the district court did not err in holding that the substituted note on which this suit was brought was secured by a vendor's lien upon the land sold by Shroyer to appellant. It is urged that because this note was signed

by a person who was under no obligation to pay the purchase money of the land, the vendor's lien was waived. It has been held that taking personal security does under some circumstances waive the vendor's lien. Parker Co. v. Sewell, 24 Tex., 238. But in such cases, as in all others, " the release of the lien is a question of fact dependent upon the evidence establishing the intention of the parties not to rely on the land as a security, or as one of the securities, for the payment of the unpaid purchase money." Ellis v. Singletary, 45 Tex., 37.

In the case last cited, a transaction similar to the present, in which the original note given for the purchase money was surrendered, and a new note with additional sureties taken in place of it, was held not to waive the lien. The only material difference between that case and the present arises from the fact that both notes there recited that they were given for the land, whereas here neither contains such recital. This, however, does not change the rights of the parties so far as a reservation of the lien is concerned. The deed made by Owens to Shroyer showed on its face that the obligations given for the purchase money were secured by the vendor's lien. Slaughter had full notice of this fact, and, according to Owens' testimony, knew that the purchase money of the land had not been paid. He had all the information necessary to charge him with notice of the existence of the lien; and no knowledge or want of knowledge on his part, as to the substitution, could affect the right of the holders of the lien to retain it as a security for the new note. There is no evidence of an intention on the part of Owens to release the lien, but the proof is directly to the contrary. Under this state of facts we think the note sued on retained the vendor's lien for its payment.

Nor did the court err in holding that the suit against Slaughter to enforce the vendor's lien was not barred by limitation. It is true that the note upon which the original suit against Lee & Calvert was founded had been due more than four years at the time the suit against Slaughter was commenced. Had this suit been upon the note alone it would have been barred. But this note had been made the foundation of an action against the makers long before the bar of the statute accrued, and a judgment against them had been obtained. There is no principle better settled than that the vendor's lien secures the debt contracted for the purchase money, and not merely the note by which such debt is evidenced. This note may be substituted by another, or it may pass into judgment; still the lien will attach to the new security, for that is but an evi-

dence of the original indebtedness. Hence when judgment was obtained upon the note given by Lee & Calvert, that judgment carried with it the vendor's lien which originally secured the note itself. Whatever kept the debt alive preserved also the lien; and so long as the judgment was subsisting and valid as a personal claim against the defendants therein, it existed also as a foundation for proceeding against a purchaser from them to foreclose the vendor's lien.

Although this precise point has not heretofore been decided in Texas, yet in the case of Ball v. Hill, 48 Tex., 634, nothing but the fact that the note holding the lien had been merged in a judgment prevented the statute of limitations from barring all remedy to enforce that lien. Suit upon the note was commenced in 1859, but proceedings to enforce the lien were not commenced till 1871, and yet the court foreclosed the lien, holding that the debt was not barred when the proceedings were commenced. The expression contained in the opinion delivered in the case of McAlpin v. Burnett, 19 Tex., 500, to the effect that the lien existed at any rate so long as the note was not barred, was not called for by the points which the court was considering. The mind of the court was not directed to any question of limitation, as none arose in that cause. Nor was it held there that the lien might not subsist longer than the note itself was enforcible, when judgment had been obtained, but only that it would exist for at least that length of time. The expression, therefore, can have no force as authority upon the point under consideration. We think the lien followed the debt even to the judgment obtained upon the note given for the purchase money, and, as that was not barred, limitation had not deprived the plaintiff of remedy against the purchaser of the land.

The next question is, Was the lien properly and legally foreclosed in this case? The judgment against the makers of the note had become dormant. It was, however, still a debt, but one that could not be enforced as in cases of ordinary judgments by execution. It became necessary to revive it for that purpose, and such was one of the original objects of this suit. To such an action all the defendants in the judgment are necessary parties. Austin v. Reynolds, 13 Tex., 544; Henderson v. Vanhook, 24 Tex., 359.

In the present case suit was brought by *scire facias* against both the original defendants, but the plaintiff finally dismissed as to them and proceeded against Slaughter alone to subject the land to the vendor's lien, and obtained a judgment to that effect. In this we think there was error. Whilst the debt, and of consequence

the lien, still existed, they were in such a state that they could not be enforced except by suit upon both. To such an action the same parties are necessary as in any other case where it is sought to recover upon a debt and foreclose a lien by which it is secured against parties to whom the property incumbered by the lien has been transferred.

Our statutes require that judgments rendered in suits for the foreclosure of liens shall direct the property incumbered by the lien to be sold as under execution; and, if the proceeds are not sufficient to pay the judgment, that execution issue as in personal judgments for the balance. This execution, of course, goes against the parties owing the debt, and not against the purchaser from them. No such judgment can be rendered against these parties without making them defendants to the suit. So no execution could have been obtained against the makers of the note in the present case without reviving the judgment against them, which had become dormant by lapse of time.

Independent of all statutory requirements, it would seem that the debt ought to have been enforced against the makers of the note at the same time or before the lien was foreclosed. The vendor's lien exists by reason of the debt alone. So long as that continues and can be enforced the lien subsists and can be foreclosed. When the debt ceases, or is in a condition that it cannot be enforced with the lien, the latter fails, or is suspended to await proceedings upon the debt, to which it is a mere incident.

Whilst the vendor's lien attached to the personal judgment against Lee & Calvert it was as necessary to proceed upon that judgment as it had been upon the original note in order to foreclose the vendor's lien. To that end it was essential that the judgment should be revived by some proceeding provided by law for such purpose. The defendants were entitled to an opportunity of showing, if they could, why the judgment should not be revived, and Slaughter to have the debt defeated, if possible, to prevent a sale of his property.

The course pursued by the appellee in dismissing as to the defendants in the judgment, and foreclosing against Slaughter, was irregular and illegal, and tended to deprive both debtors and purchaser of important defenses and should not have been allowed. For this error of the court below, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1884.]