# FIRST DISTRICT, 1894.

---

THOMAS B. HOWARD, ADMINISTRATOR, V. GEORGE HERMAN.

No. 719.

**Superior Title—Vendor's Lien—Sale Without Foreclosure.—**C. & H., a partnership, conveyed land to S., reserving vendor's lien for part of the price, and subsequently recovered judgment against S. on the note, but without foreclosing the lien. At execution sale had on that judgment C. bought in the land, accounted to his partner for half the unpaid purchase money, and afterwards sold the land to R. without ever having completed· payment for the land, S. conveyed it to M., plaintiff's intestate. *Held:*

1. Taking the personal judgment against S. did not waive the vendor's lien, and the superior title remained in C. & H.

2. The execution sale did not vest any title in C. more than he already had; but the lien note, the judgment, execution, and sheriff's deed were admissible in evidence to show that such lien was retained, and to show the transaction by which C. paid, and accounted to his firm for, the remaining purchase money due by S.

3. Plaintiff was not entitled to recover from vendees of C. and R. without offering to pay the balance of the purchase money, if he could recover at all.

APPEAL from Fort Bend. Tried below before Hon. WILLIAM H. BURKHARDT.

*Oscar D. Kirkland* and *W. G. Love,* for appellant.—When a vendor of land sues to recover on notes given for the deferred payments of such land, and does not take a judgment foreclosing his lien on the land, he gets a moneyed judgment merely against the vendee, and he may, by a suit for that purpose, have such judgment revived and merged into a judgment foreclosing his lien on the land, but under the moneyed judgment only and execution sale thereunder, he can not proceed against the land in the hands of a purchaser from his vendee; and a purchaser of land at execution sale under a moneyed judgment, the title to which land had passed out of the hands of the defendant in execution prior to the judgment, takes no such title as will avail him when setting up a plea of three years' limitation. Elliot v. Whittaker, 30 Texas, 412; Lang v. Breheman, 59 Texas, 210; Brownson v. Scanlin, 59 Texas, 222; Veramendi v. Hutchins, 48 Texas, 531; Green v. Hugo, 81 Texas, 542; Paxton v. Meyer, 67 Texas, 96; Wright v. Daily, 26 Texas, 730; Cox v. Bray, 28 Texas, 247; Thompson v. Cragg, 24 Texas, 582; Snowdon v. Rush, 69 Texas, 593; 2 Sayles' Real Estate Laws, arts. 726, 909; Slaughter v. Owen, 60 Texas, 668; McAlpin v. Burnett, 19 Texas, 47; Ball v. Hill, 48 Texas, 634.

*Peareson & Ballowe,* for appellee.—1. When an express vendor's lien is retained in a deed the superior title remains in the vendor, and a sale by the vendee in such deed to one with notice of the deed conveys no more title than the first vendee had. A sale of the land then, whether public or private, to satisfy the unpaid purchase money, carries with it the real title, and such a deed will support the plea of three years' limitation. Foster v. Powers, 64 Texas, 249.

2. When Cain, one of the partnership of Hopson & Cain, the plaintiffs and vendors of Smith, paid the judgment, he became subrogated to all the rights of such vendors and plaintiffs in such judgment, and his vendee now in possession stands in the same attitude, so that in any event appellant, representing Marshall, the vendee under Smith, can not recover the land without paying the purchase money debt, and this he has not offered to do. Equity preserves the lien for the benefit of him who paid the judgment, and no limitation runs against a mortgage or lien-holder in possession of the premises. Slaughter v.

Owens, 66 Texas, 668; Byers v. Beannon, 19 S. W. Rep., 1094; Silliman v. Gammage, 55 Texas, 365, 370; Rodrigues v. Haynes, 76 Texas, 228, 232; Bank v. Ackerman, 70 Texas, 321.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title to 276 acres of land in Fort Bend County, brought by the appellant, as administrator of the estate of Benjamin G. Marshall, deceased, against George H. Herman. The defendant disclaimed as to a portion of the land, and as to the remainder pleaded not guilty, the statute of three years' limitation, and facts to show title in himself. Judgment was rendered for the defendant.

*Conclusions of Fact.*—1. John J. Cain and Clement R. Hopson, who composed the firm of Hopson & Cain, were common source.

2. April 26, 1848, said Clement R. Hopson and J. J. Cain conveyed the land in controversy to Lewis H. Smith, in consideration of the sum of $692, retaining a lien on the land to secure the payment of Smith's note for $292 of the purchase money, due December 25, 1848. Their deed was duly executed and acknowledged on the date above mentioned. It was filed for record in the record of deeds for Fort Bend County, on May 1, 1849, and recorded May 7, 1849.

3. On May 10, 1849, Lewis H. Smith conveyed the land to plaintiff's intestate, Benj. G. Marshall, by deed duly executed and acknowledged. It was duly filed for record and recorded on May 11, 1849.

4. Hopson & Cain brought suit against Lewis H. Smith in the District Court of Fort Bend County upon the purchase money note mentioned in the deed from them to Smith, and, without asserting or foreclosing their lien, on May 1, 1850, recovered a personal judgment thereon against him for the sum of $338.72.

5. An execution was issued on said judgment, and on July 3, 1850, and at the direction of plaintiffs, it was levied upon the land, which was sold by the sheriff and bought by J. J. Cain, one of the plaintiffs in the writ, whose bid therefor was $361.50, which was paid, and the plaintiffs, Hopson & Cain, received the amount of the execution in full on September 11, 1850, from the sheriff. The sheriff's deed bears no date; it contains no reference to the judgment, and does not give the names of the parties to the writ; and the certificate of acknowledgment does not recite that the grantor was known to the officer.

6. On March 26, 1851, John J. Cain conveyed the land to Ingraham Roberts by deed duly acknowledged and recorded; and the defendant deraigns title through mesne conveyances from said Roberts. The balance of the purchase money, which was evidenced by the note and merged in the judgment, was never paid by Smith or any one for him.

*Conclusions of Law.*—The execution sale did not vest any title in Cain more than he already had. Summers v. Hancock, 23 Texas, 151. But the judgment, execution, and sheriff's deed were admissible in

evidence to develop and show the transaction by which Cain paid and accounted to his firm for the purchase money that remained unpaid by Smith. The objections to the admission in evidence of the sheriff's deed are untenable. Evidence was admissible to show that the judgment in favor of Hopson & Cain v. Smith was upon the purchase money note to secure which the vendor's lien was retained. Hopson & Cain did not lose their vendor's lien by suing and taking a personal judgment against Smith (Slaughter v. Owens, 60 Texas, 668); and the execution sale was without effect, and not a waiver of the lien. Hence the superior title remained in them not divested by any act of theirs until the sale by Cain to Roberts. Having accounted to his partner Hopson for the unpaid purchase money, Cain and his vendees, by reason of the superior title to one-half of the land, and the equity to the remaining half growing out of the accounting between the partners, were rightfully in possession of the land, and could not be disturbed by plaintiff claiming title under Smith without offering to pay the balance of the purchase money  Any presumption of payment that might arise from the lapse of time is conclusively rebutted by the facts. Again, the sale by Cain to Roberts was probably conclusive as to the one-half of the title of the land vested in him. And laches would now no doubt preclude the plaintiff from asserting an equity to complete the purchase by payment of the balance of the purchase money; but these points it is unnecessary to decide, as plaintiff has not offered to complete the sale.

We deem it also unnecessary to decide the question of limitation, yet it would seem that appellant might be barred by the statute of three years' limitation, at least as to the one-half vested in Cain.

There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Delivered December 13, 1894.