LANHAM et al. v. WEST et al.   (No. 6019.)

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1919.)

**1. VENDOR AND PURCHASER ⬗245—PEREMPTORY INSTRUCTION.**

In a suit to foreclose vendor's lien on lands, where a conveyance of two incumbered parcels on its face spread the vendor's lien on both, *held* that a peremptory instruction in favor of successors in interest of a grantee and against plaintiff, the holder of notes, secured by the vendor's lien, was properly denied.

**2. TRIAL ⬗143—INSTRUCTIONS—PEREMPTORY INSTRUCTIONS.**

Where the evidence on an issue was conflicting, it was properly submitted to the jury, and a peremptory instruction denied.

**3. TRIAL ⬗140(1)—JURY—PROVINCE.**

It is the exclusive province of the jury to pass on the credibility of witnesses and the weight to be given their testimony.

**4. TRIAL ⬗351(5)—SPECIAL ISSUES—SUBMISSION.**

The refusal of the court to submit special issues, where such issues had already been submitted in substance, though the form of such special issues was different, is not error.

**5. VENDOR AND PURCHASER ⬗259—DEEDS—CONSTRUCTION.**

Where two parcels of land, one of which was subject to vendor's lien notes, were conveyed to a single grantee, and the habendum clause of the deed recited that it was agreed that the vendor's lien should be retained until all the notes were paid, *held* that the lien was spread over both parcels.

**6. VENDOR AND PURCHASER ⬗267—RELEASE OF VENDOR'S LIEN—CONSTRUCTION.**

Where the receiver of a corporation which had conveyed lands, retaining lien to secure the discharge of vendor's lien notes by the grantee, executed a release to which the holder of the vendor's lien notes was not a party, such release is not binding on the holder of the vendor's lien notes, and does not constitute evidence of the intention in the minds of the parties to the conveyance.

**7. EVIDENCE ⬗43(2)—JUDICIAL NOTICE.**

In an action in the same court in which a receivership proceeding was pending, that court may take judicial notice that no order had been procured authorizing the receiver to execute a release, etc.

**8. EVIDENCE ⬗370(5)—RELEASE—BURDEN OF PROOF.**

Parties relying on a release executed by the receiver of an insolvent corporation have the burden of showing the receiver's authority.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Suit by D. M. West and others against E. F. Lanham and others. From a judgment for plaintiffs, the named defendant and certain other defendants appeal. Affirmed.

Sam D. Snodgrass and J. B. Talley, both of Temple for appellants.

Tyler, Hubbard & Tyler, of Belton, J. H. Evetts, of Temple, and M. E. Monteith, of Belton, for appellees.

BRADY, J. Appellee D. M. West filed this suit against W. G. Bryant, Smith & Peyton Hardware Company, R. L. Henderson, receiver of said company, and appellants, alleging that on November 18, 1914, R. L. Dockum conveyed to Smith & Peyton Hardware Company,, which will hereinafter be called the Hardware Company, 109 acres of land in Bell county, Tex., and on the same day conveyed to it 54½ acres of land; that, as a part of the consideration for the 109 acres, the Hardware Company assumed a note for $2,000, payable to Amicable Life Insurance Company, and executed its note to Dockum for $160, secured by a second lien on the 109 acres; that, as a part of the consideration for the 54½-acre tract, the Hardware Company executed to Dockum six notes, aggregating $1,750, secured by the 54½-acre tract only; that on August 26, 1915, by deed recorded March 11, 1916, the Hardware Company conveyed both of said tracts of land to W. G. Bryant for $9,715 cash and the assumption by said Bryant of all the above-described notes; that the appellee was the legal and equitable owner and holder of the six notes, aggregating $1,750; that on or about the 3d day of February, 1916, E. F. Lanham purchased the $160 note, and on the same date Bryant executed an extension agreement with Lanham, extending the time of payment of said note to February 10, 1916; that on February 4, 1916, Bryant executed to Sam D. Snodgrass, trustee for Lanham, a deed of trust on the 109-acre tract to further secure the payment of said note for $160, and that on March 8, 1916, the trustee conveyed to Lanham the 109-acre tract, under the power conferred in the deed of trust, for $210, which was alleged to be grossly inadequate; that neither the extension agreement between Lanham and Bryant, nor the deed of the trustee, was recorded until after the trustee's sale, and that appellee had no notice of any such matters until long after the execution and

delivery of the trustee's deed to Lanham; that on March 26, 1916, Lanham conveyed the 109-acre tract to C. D. Shepperd, one of the appellants, who now claims to be the owner of said tract.

Appellee, West, further alleged that as the owner of the six notes, aggregating $1,750, on July 4, 1916, he purchased the 54½-acre tract at trustee's sale for $408, which he credited on said notes; that, by reason of Bryant's assumption of the notes in the deed from the Hardware Company to Bryant, the vendor's lien was spread over both tracts; and that by reason thereof he (West) became the holder of the third lien on the 109-acre tract to secure the $1,750 notes herein sued upon. Appellee, West, prayed for judgment, declaring the trustee's deed to Lanham to be void as to him, and for judgment again Bryant and the Hardware Company on the notes, for foreclosure of his lien on the 109-acre tract as against all the parties defendant, for sale, etc.

Appellants and also Bryant filed exceptions to the averments of appellee's petition, reciting the spreading of appellee's lien over the 109-acre tract by virtue of the deed from the Hardware Company to Bryant, which exceptions were all overruled by the court, of which action appellants make no complaint by any assignment in this court.

Appellants also pleaded a certain release, executed by R. E. Henderson, receiver, and W. W. Stockton, vice president of the Hardware Company, hereinafter referred to, to which appellees excepted, and which exception was sustained by the court. No complaint is here made of this action by any of the appellants.

Appellants Shepperd, McCelvey, Lanham, and McCelvey Loan & Investment Company answered, alleging, among other things, that in the assumption by Bryant of the notes in the deed from the Hardware Company neither Bryant nor the company intended to create a blanket lien on both tracts for the security of the note sued on by plaintiff; that neither said assumption by Bryant nor the retention of the vendor's lien in the deed created any lien on the 109-acre tract, for the further reason that on or about March 29, 1916, the Hardware Company, acting through its receiver and its vice president, executed and delivered to Bryant a release of the lien on the said 109 acres, if it had any lien created by the assumption of Bryant to pay the notes sued on, which was filed for record on the same date; that appellant Shepperd, present owner of the 109-acre tract, had no notice that appellee West was claiming a lien on that tract, until served with citation herein, and that said release operated to release any lien that appellee West ever had arising out of Bryant's assumption of his notes; that Lanham, by the trustee's deed, became invested with the fee-simple title to the 109-acre tract, subject only to the lien to secure the $2,000 note payable to Amicable Life Insurance Company.

Bryant adopted the answer of appellants, and, among other things, alleged that, when he purchased the two tracts from the Hardware Company, it was distinctly understood and agreed that the liens, as they had previously existed on each tract, should remain as before, and that said liens were not to be affected, enlarged, or changed by his assumption of the notes; that if the deed by its terms should be construed to create a lien on the 109 acres in favor of appellee West, then that the stipulations providing for said lien were inserted in the deed through fraud and deceit practiced on him by the Hardware Company, and that said stipulations were inserted as the result of mutual mistake as to a proper construction of the deed; and he alleged that the deed by its terms was ambiguous, and should be reformed to express the true intention of the parties; which answer was, in turn, adopted by appellants.

The case was submitted to the jury on special issues, upon which the jury found in favor of appellees, and upon the verdict entered judgment, construing the deed from the Hardware Company to Bryant as retaining the vendor's lien on both tracts to secure the notes in suit, and foreclosing the lien, and ordering the land sold to satisfy the judgment in favor of appellee West for the balance due on the notes.

Defendant Bryant did not appeal, nor did the Amicable Life Insurance Company, nor the Hardware Company, nor the receiver of said company; the two latter defendants joining the appellee West in his brief, and asking for an affirmance of the judgment.

The special issues submitted to the jury, together with the answers of the jury, are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that Charles B. Smith, acting for the Smith & Peyton Hardware Company in the execution of the deed from Smith & Peyton Hardware Company to W. G. Bryant, practiced fraud upon the said W. G. Bryant, as the same has hereinbefore been defined, as to whether said deed by its terms had the effect in law to create a lien on the 109-acre tract of land described in plaintiffs' petition, in favor of the holder of and securing the six notes herein sued on? Answer this question 'Yes' or 'No.' "

To which the jury answered: "No."

"Special Issue No. 2: Was it agreed by and between Charles B. Smith, who represented the Smith & Peyton Hardware Company,' and W. G. Bryant that the liens on the 54½-acre tract and the 109-acre tract should remain separate and as they existed prior to the execution of the deed by Smith & Peyton Hardware Company to W. G. Bryant? You will answer this question 'Yes' or 'No.' "

To which the jury answered: "No."

"Special Issue No. 3: Did said deed from Smith & Peyton Hardware Company to W. G. Bryant, as written, executed, delivered, and

accepted by the parties thereto, truly state their agreements and contracts, and truly represent their intentions as to the effect of the liens upon the lands therein conveyed? Answer 'Yes' or 'No.' "

To which the jury answered: "Yes."

"Special Issue No. 4: At the time the defendant E. F. Lanham purchased the said 109-acre tract at the trustee's sale, March 7, 1916, did E. F. Lanham or H. M. McCelvey, or either of them, have any knowledge or actual notice of the recitals contained in the deed from Smith & Peyton Hardware Company to W. G. Bryant? Answer 'Yes' or 'No.' "

To which the jury answered: "Yes."

[1] Appellants' first assignment of error complains at the refusal of the trial court to give a peremptory instruction for appellants. The deed on its face is, in our opinion, unambiguous, and purports to and would have the legal effect to spread the vendor's lien over both tracts of land sought to be foreclosed upon in this suit; and, therefore, in any event, could not, as a matter of law, have authorized the trial court to give a peremptory instruction for appellants. Tex. Land & Loan Co. v. Watkins, 12 Tex. Civ. App. 603, 34 S. W. 996.

[2] Appellants sought to avoid the effect of the language and recitals in the deed by pleading fraud, deceit, and mutal mistake in the writing of the deed, by the inclusion of the terms and stipulations providing for the lien, and that such recitals and stipulations did not evidence the true intention of the parties. These issues were, over the objection of appellees, substantially submitted to the jury, and the evidence thereon was conflicting. The jury found against appellants upon each of these issues, and for these additional reasons the trial court did not err in overruling appellants' request for peremptory instruction in their favor. It follows that the first assignment of error must be overruled.

Appellants' second, third, and fourth assignments of error present the claim that the trial court erred in not setting aside the verdict because the jury's answers to special issues No. 1, 2, and 3, above quoted, are contrary to the undisputed evidence.

[3] We are unable to agree with appellants. An examination of the evidence in the statement of facts shows that the same was conflicting upon these issues. It was the exclusive province of the jury to pass upon the credibility of the witnesses, and the weight to be given to their testimony, and, in our opinion, the evidence on these issues was not only not undisputed, but sufficient to sustain the findings of the jury thereon, and these assignments are all overruled.

[4] Appellants' fifth, sixth, and seventh assignments of error complain at the action of the trial court in refusing to submit certain special issues requested by appellants. We do not deem it necessary to set out in detail these requested issues, but they all relate to the plea of fraud and deceit on the part of the Hardware Company in executing the deed to Bryant as written, and to the understanding of the parties as to the construction and effect of said deed, and as to whether the liens on the two tracts of land should remain as they existed prior to the execution of the deed from the Hardware Company to Bryant.

While presented in different form, and perhaps not as specifically as in the questions presented and requested by appellants, the trial court substantially submitted all these issues to the jury, and it was not error for the trial court to refuse to again submit the questions. Therefore we overrule these three assignments.

[5] The eighth assignment of error is to the effect that the trial court erroneously construed the deed from the Hardware Company to Bryant as having the effect of creating a lien on the 109-acre tract in favor of the holder of the notes in suit, because the deed read as a whole, and construed in connection with the evidence as to the intention of the parties, compels the construction that the liens as they existed before the execution of said deed were to remain and continue upon the land separately.

As pointed out in discussing the first assignment of error, the deed appears to be unambiguous on its face, and as written had the effect to extend the vendor's lien over both tracts of land. Tex. Land & Loan Co. v. Watkins, supra. The habendum clause in this deed reads as follows:

"But it is expressly agreed and stipulated that the vendor's lien notes above mentioned are retained against all of the above-described land and premises and improvements until the above-described notes and all interest thereon are fully paid, according to their face and tenor, effect and reading, when this deed shall become absolute."

None of the other recitals in the deed are in conflict with, but are consistent with, this clause, and we think it is clear that the lien was thereby expressly reserved upon all the land to secure the payment of the notes in suit.

The testimony, while conflicting upon the issue of fraud and mistake, is sufficient to support the findings of the jury that there was no fraud practiced, and that the deed as written correctly stated and conformed to the agreement and intention of the parties. Therefore the court did not err in rendering judgment upon the verdict in favor of appellee, West, and the eighth assignment of error is overruled.

[6] The last remaining assignment to be considered is the ninth assignment of error, which presents the point that the trial court erred in sustaining the objection of appellee West to the introduction in evidence of the release from the Hardware Company and Henderson, receiver, above referred to, because the said release relinquished the Hard-

ware Company's rights under the implied lien retained on the 109 acres of land, and precluded plaintiff from asserting any right thereunder; and, further, because the release constituted a representation and declaration of the party executing the deed that it was not intended to retain a lien on the 109 acres to secure the notes in suit, and that the said company, and plaintiff claiming under it, are estopped to now claim such lien. This release was executed subsequent to the deed from the Hardware Company to Bryant, and the assumption therein by Bryant of the payment of the notes in suit. West was not a party to such release, and we do not think it could bind West and affect his rights, nor constitute any legal evidence of the intention present in the minds of Smith and Bryant at the time of the execution and acceptance of the deed. It was not executed by the Hardware Company, except by the receiver, who was not shown to be authorized to execute it, and he was joined in by the vice president of the company only "pro forma." Furthermore, we are of the opinion that its recitals do not purport to state the original intention of the parties or to correct the deed, but are, at most, a statement of the construction that might be placed upon the deed and a release of the lien under such construction.

[7, 8] It also seems that the appellees excepted to the plea setting up the execution and delivery of said release, which exceptions were by the trial court sustained, and of which action appellants do not complain in any of their assignments. The court excluded the release on these grounds, which were: (1) Because the receiver was not shown to have authority to execute the same; (2) because none of the parties to this instrument had any right or authority to execute a release of any of West's rights. Appellants did not show, or offer to show, that the receiver had any authority to execute the release, and it seems to be conceded that the receivership was pending in the same court which tried this case, in which event the trial court was authorized to take judicial notice that no order had been procured authorizing the receiver to execute the instrument. The burden was upon appellants to show such authority before the instrument would, in any event, be admissible as a release from the corporation, or as showing the original intention of the parties to the deed, to which the receiver, Henderson, was not a party. As above stated, we do not think the receiver could bind West, or impair his rights by the release. We conclude that the court did not err in excluding the release, and therefore this assignment should be overruled.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.