## DAVIS et al. v. CICERO–SMITH LUMBER CO. et al.

### No. 3892.

Court of Civil Appeals of Texas. Amarillo. Nov. 2, 1932.

Rehearing Denied Dec. 14, 1932.

Pearle Davis answered that she executed the note and lien as an accommodation to the lumber company at the direction of her mother, Effie L. Davis, who conducted all the negotiations pertaining to the building and the lien asserted by said company; that she (Pearle) was not the owner of the property, had no interest therein, and received no consideration for the debt, although the legal title had been placed in her.

In answer to the contention of the Davises, the lumber company pleaded certain facts which it alleged constituted an estoppel.

C. E. Maedgen and the Lubbock National Bank answered by plea of intervention, alleged that the bank acquired and was the owner in due course of certain notes executed by Pearle, Effie L., and T. D. Davis, as part of the purchase price of the lots in controversy and that said notes were secured by a vendor's lien retained in the deed from the owner, Eva Knight, conveying the lots to Pearle Davis; that, partial payments having been made, certain of the lots were released, but the balance due the bank on the notes was the sum of $1,202, with interest and attorney's fees; and that its lien against lots 13 to 17, inclusive, securing the payment thereof, was valid and subsisting, and prayed for a foreclosure thereof against the lumber company and all of the defendants.

In reply to the intervention of the bank, the Davises set up certain facts upon which they based a plea of usury and claimed that they were entitled to a reduction on the amount claimed by the bank because of such alleged usury.

The pleadings consist of some forty-eight pages of the transcript, but we deem the above statement sufficient for the purpose of reviewing the questions presented.

The case was tried to a jury, but the judge directed a verdict for the lumber company and also for the bank, and entered judgment for each of said corporations granting the relief substantially as prayed for, and the Davises have appealed.

The appellants assail as error the action of the trial court in directing a verdict in favor of the Cicero-Smith Lumber Company, because they contend if the testimony does not conclusively show that the property in controversy was the homestead of Effie L. and T. D. Davis, husband and wife, it does present an issue of fact relative thereto, and, as no instrument was executed by the husband and wife as provided by law for fixing a lien against the homestead, the lien asserted by the lumber company was void and unenforceable.

The record indicates that Effie L. and T. D. Davis purchased the lots, 13 to 24, inclusive, involved in this controversy, from Eva Knight on December 31, 1923, for a consideration of

Vickers & Campbell, of Lubbock, for appellants.

Rob't A. Sowder and Bean & Klett, all of Lubbock, for appellees.

### JACKSON, J.

The Cicero-Smith Lumber Company, a corporation, instituted this suit against Effie L. Davis and her husband, T. D. Davis, their single daughters, Pearle and Blanche, and C. E. Maedgen, and the Lubbock National Bank, a banking corporation, to recover $8,000, consisting of a balance of the principal, with interest and attorney's fees, evidenced by a note, and to foreclose its lien securing the payment thereof on lots 13 to 24, inclusive, in block 2 of the McCrummen Second addition to the town of Lubbock.

The Davises answered by numerous exceptions, general denial, alleged that Effie L. Davis and T. D. Davis were husband and wife on all the dates involved in this litigation; that the lots on which a lien was asserted were the community property of Effie L. and T. D. Davis, and constituted their homestead and was occupied as such, although the legal title had been placed in trust in the name of Pearle Davis; that the Cicero-Smith Lumber Company was advised and had full knowledge of all the facts and circumstances, by reason of which the lien alleged by said lumber company was null and void.

$1,920 paid and a balance of $4,080, evidenced by four notes of $1,020 each; that the lots were conveyed to Pearle Davis and the notes for the deferred payments were executed by Pearle and her mother, Mrs. Effie L. Davis; that at the time of the purchase there was located on lots 13 and 14 an eight-room house, together with some other improvements, into which Effie L. and T. D. Davis moved with their family; that the payments made on the four vendor's lien notes given to Mrs. Knight were made by Effie L. and T. D. Davis; that, in consideration of these payments all the lots had been released, except lots 13 to 17, inclusive; that the Lubbock National Bank had acquired the purchase-money notes in due course of trade upon which the balance sued for was still due and secured by the lien on said last-named lots. There is some testimony that all the lots, 13 to 24, inclusive, were claimed, used, and occupied in connection with the residence on lots 13 and 14, as the homestead of the Davises since their purchase in 1923; that in March, 1927, Mrs. Effie L. Davis contracted with A. M. Hensley to furnish the labor and material and erect a one-story brick and tile six-room house on lot 22 for a consideration of $6,500, and that Pearle Davis, at the request of her mother, executed a note and mechanic's lien on March 16, 1927, to secure the payment of said sum; that on the completion of said building the Davises occupied it as a home; that on March 21st thereafter Pearle Davis sold and conveyed to Effie L. Davis, for a recited consideration of $2,000 paid out of her separate funds "and the assumption by said Effie L. Davis of all debts, liens and claims of every character against" all of lots 13 to 24, inclusive; that the Cicero-Smith Lumber Company furnished the material for the erection of the brick and tile house on lot 22 and acquired the note and mechanic's lien from A. M. Hensley.

There is testimony to the effect that A. M. Hensley and the agents of the Cicero-Smith Lumber Company were advised of and had knowledge of the fact that the lots were the community property of Effie L. and T. D. Davis, who had the equitable title thereto, and that Pearle Davis, in whom the legal title was vested, held in trust for her father and mother.

■Without rehearsing the testimony in detail, the above, we think, is sufficient to disclose that the testimony presented issues of fact pertaining to the equitable title of Effie L. and T. D. Davis, their homestead claim, and the knowledge of the lumber company relative thereto.

The testimony, in our opinion, was not sufficient to authorize the court in saying as a matter of law that Effie L. and T. D. Davis were estopped from urging the defenses presented, and the court committed reversible error in peremptorily instructing a verdict in behalf of the lumber company.

■ The appellants contend that, inasmuch as Effie L. Davis was a married woman and could not be held liable personally, her assumption "of all debts, liens and claims of every character" as a part of the consideration for the lots conveyed to her by her daughter Pearle Davis, did not create a valid lien against said lots and especially the lots other than lot 22.

"There can be no doubt that the face of this deed was properly construed by the court below to show a vendor's lien on all the land conveyed by it, and not merely on the tracts covered by the original mortgage. The vendor's lien springs up from the contract of purchase, unless waived by the parties themselves. In this case the deed upon its face shows an agreement as a part of the consideration for the purchase of the 60,000 acres; that the grantee would pay to the J. B. Watkins Company the debt which they held against the Ganos. The grantee took the whole tract, subject to this vendor's lien. Joiner v. Perkins, 59 Tex. 300, and authorities there cited; Slaughter v. Owens, 60 Tex. 668; Meyer v. Smith, 3 Tex. Civ. App. 37, 21 S. W. 995." Texas Land & Loan Co. v. Watkins, 12 Tex. Civ. App. 603, 34 S. W. 996, 998. To the same effect is the holding in Lanham et al. v. West et al. (Tex. Civ. App.) 209 S. W. 258. See, also, Parten v. Martin (Tex. Civ. App.) 240 S. W. 1037; Mitchell v. National Railway Building & Loan Association (Tex. Civ. App.) 49 S. W. 624.

In stating the liability of a married woman for the unpaid purchase money for land which she has acquired, Judge Speer says: "While under our peculiar system of land laws the superior title to land sold is said to remain with the vendor until the payment of the purchase money, lands purchased by her on credit remain liable at all times to be subjected to the payment of this purchase money; she is not personally liable. The land only can be recovered and nothing further." Speer's Law of Marital Rights, p. 224, § 172.

■ Where the notes of a married woman and her husband are given for the purchase price of land purchased in her name, "there was no error in decreeing the sale of the land for the satisfaction of the vendor's lien." Lynch et al. v. Elkes, 21 Tex. 229. Substantially the same holding is made in Noel v. Clark et al., 25 Tex. Civ. App. 136, 60 S. W. 356, and Girardeau v. Perkins et al., 59 Tex. Civ. App. 552, 126 S. W. 633, writ denied. These authorities dispose of appellants' contentions adversely to them.

The appellants present as error the action of the trial court in directing a verdict in behalf of the Lubbock National Bank because the pleadings and testimony show that the bank had charged usurious interest on its notes.

The record discloses that the testimony by which the appellants undertook to show that

they had been charged usurious interest on the notes by the bank was excluded, and appellants do not present in their brief any assignment challenging as error the action of the court in excluding this testimony. Hence this assignment is overruled. If we should consider this excluded testimony, we seriously doubt the sufficiency thereof, under the entire record, to show a usurious charge of interest. However, inasmuch as no complaint is made of the exclusion of the testimony, it is unnecessary to pass on that question.

The judgment in favor of the bank is affirmed, but the judgment in favor of the lumber company is reversed, and the case as between it and appellants is remanded.