### A. H. CROMWELL AND OTHERS V. THOMAS HOLLIDAY.

1. When the description given in a deed of land intended to be conveyed includes several particulars, all of which are necessary to the identification of the land conveyed, no land passes by the deed except such as is consistent with every particular of the description.

2. Restrictive words in the latter part of a deed control the grant. See this case for an illustration of these principles.

3. It seems that the rule allowing one tenant in common to maintain in his own name, but for the benefit of his co-tenants as well as himself, an action of trespass to try title, will not be allowed to prevail when the suit appears to be a speculative action by the plaintiff, for his own interest alone.

APPEAL from Victoria. Tried below before the Hon. Wesley Ogden.

This case was before this court upon a former occasion, and will

XXXIV—29

be found in 26 Texas, 118, under the title of Holliday v. Cromwell. In that report and in the opinion of the court the facts will be found sufficiently indicated. Holliday was plaintiff, and claimed under the Sutherland title.

*W. Alexander, A. B. Peticolas* and *Phillips & Nevill,* for the appellants.—The transfer from Serna to Sutherland conveys all the interest the plaintiff can have in these lands. Subsequent conveyances under and from Sutherland could not enlarge that interest. In the deeds such attempt is made, but it amounts to nothing, as the chain of title of all the parties hinges on Sutherland only. What then is the true meaning and import of the deed from Serna to Sutherland?

The court instructs the jury that this deed conveys to John Sutherland " an undivided interest in two leagues of land."

We contend the deed conveyed an undivided interest in one league, and that league the upper one of the two granted to the brothers Serna. In his conveyance Serna uses the terms: " A certain piece, tract or parcel of land, lying and being situated in the Republic of Texas, it being the undivided interest of the said Santiago Serna in and to one-fourth of two leagues, granted to the said Serna and his brother, as colonists, in the colony of Power, on the eighth of October, 1834. The said two leagues and two labors fronting on the river San. Antonio, and lying between the lands of Clemente de la Garza and the Cura Valdes." *     *     *     " The league and labor bounded by the land of the said Clemente de la Garza being the one claimed by the said Serna, the other half of which, by conveyance, having been granted to Geo. Blow and John D. Morris, the same day and date of these presents."

Here we have two descriptions: one of the original grant covering the land, a part of which is to be conveyed; another, a particular description of the *locus in quo,* the boundaries, the

very land he conveys, the same being a part of his portion of the two league grant, "the league claimed by the vender," then and there, an undivided fourth of the league lying next and adjoining Clemente de la Garza, is hereby conveyed to Sutherland. This league Serna claimed as his. This league, on the eighth of February, 1840, he conveys to Sutherland and Blow and Morris. He conveys what he claims, not what he does not claim.

That this is the true meaning and legal import of the deed to Sutherland, is apparent from the terms used, making them intelligible and consistent with each other. The construction of the judge in his instructions to the jury makes the terms inconsistent, and exhibits the vender as conveying what he does not claim.

*Glass & Callender*, for the appellee.—The jury found for the plaintiff for the land, and one cent damages; and found in favor of the defendants, Williams and Phelps, against their warrantor, Cook, for the purchase money and interest, and also for the value of their improvements; and judgment was entered accordingly. But on a motion for a new trial the judgment as to Cook was set aside, but the judgment in favor of Holliday for the land was left undisturbed. The defendants appealed.

We propose a brief examination of the errors assigned, and think it will appear to this court that no error was committed by the court below, and that the judgment ought to be affirmed.

1. The overruling of the defendant's exceptions to the deeds from Serna to Sutherland, and from Sutherland to Patton.

It strikes us that the objection to Serna's deed is not only invalid but frivolous. The plaintiff had shown a grant of two leagues to Santiago Serna and his brother Lazaro, which they held as tenants in common. The plaintiff was suing for those two leagues. He had not set out any title in his petition, except that he held under this Serna grant; and any evidence that conduced to show title in him under that grant to any portion of, or interest in, the

two leagues, would be legitimate evidence to go to the jury; and, therefore, if the defendants had been right in construing this deed to convey only an undivided interest in one of the leagues, it would nevertheless have been clearly admissible in evidence. (Doe v. McFarland, 9 Cranch, 151.)

But the defendants' construction we take to be clearly wrong. When this court come to examine that deed, we think they will have no difficulty in agreeing with the district court, that by its true construction it conveys to Sutherland the whole undivided interest of the grantor, Santiago Serna, in the whole two leagues. The subsequent expressions in the deed about the league Santiago claimed, cannot change or destroy the force and effect of the previous and operative parts of the deed. It is very usual, when two persons own two leagues in common, for each to say he owns a league, and he may even think he owns the one and his co-tenant the other; but until partition is actually made, the law fixes the interest of each, and declares it to be the undivided half of every acre and every foot in the whole. Besides, Santiago Serna, being a tenant in common with his brother, could not convey in severalty (Doom v. Durham, 24 Texas, 376 ; McKey v. Welch, 22 Texas, 390), and his deed ought to be construed so as to make it operative and not void.

The objection to the admission of the deed from Patton to Holliday strikes us as equally frivolous. It certainly conduced to show title in the plaintiff at the commencement of the suit, and under the Serna grant; and that is all that could be required.

We know nothing of "lease, entry and ouster" in our mode of trying title to land; and it is idle to talk about the demise being laid at a particular time. All that is necessary is that the evidence conduced to show title in the plaintiff at the institution of the suit.

WALKER, J.—This is an action of trespass to try title, brought

by Thomas Holliday in the district court of Victoria county, on the twelfth day of August, 1854.

There has been a discontinuance as to some of the defendants, and the case now stands between the appellants, Phelps, Williams and Cook, and Holliday, the appellee.

Cook sold the land to Williams and Phelps, with covenants of warranty.

It is admitted by the appellants that the appellee is entitled to one-half of the upper of the two leagues in suit.

The appellants claimed under two bounty certificates, the first granted to M. Evans, dated eighteenth of May, 1838, calling for nineteen hundred and forty acres. This certificate was located and surveyed March 29, 1850. The second was granted to Baumelin for twelve hundred and eighty acres, dated January 13, 1838, and surveyed and located on the same day as the first.

The chain of title appears to be complete down to the appellants. They claim under these locations, and plead the three years' statute of limitations; they also suggest possession in good faith for one year, the payment of taxes, and claim the value of their improvements.

The appellants, who are defendants below, set up an outstanding title in Joshua L. Davis, superior to the plaintiff's title.

A question arises upon the construction of the deed from Serna to Sutherland. The description of the land intended to be conveyed by the deed is as follows: "Being the undivided interest of the said Santiago Serna in and to one-fourth of two leagues and two labors of land granted to the said Serna and his brother as colonists, in the colony of Santiago Power, on the eighth of October, in the year 1834." This is followed by the field notes; and then follows the additional description, which is as follows: "The league and labor, bounded by the land of Clemente de la Garza, being the one claimed by me; the other half of which, by conveyance, having been granted to George Blow and John D. Morris the same day and date of these presents."

It does appear that the defendants below have made their location upon the lower league, and not upon that bounded by the land of Clemente de la Garza.

By reference to the map and the deed it does appear that this deed limited the grant to the upper league.

The deed also seems to show that there had been a partition of the land between Santiago Serna and his brother, by which Santiago Serna became the owner of the upper league.

By the authority of Castro v. Illies, 13 Texas, 234, the rule is laid down that when the description of the land intended to be conveyed includes several particulars, all of which are necessary to ascertain the estate conveyed, no estate will pass except such as will agree with every particular of the description.

Restrictive words in the latter part of a deed control the grant. (See Whallon v. Kaufman, 19 Johns., 97; Rowe v. Heath, 23 Texas, 619; Jackson v. Blodgett, 16 Johns., 178; Jackson v. Clarke, 7 Johns., 223.)

The expression "undivided one-fourth," in the deed, together with the field notes of the whole grant, seem to favor the construction claimed by the plaintiff below; but we think the weight of authority is against this construction, and that the subsequent words used in the deed control the grant; and Serna not only limits his grant to the upper league, but gives the names of Sutherland's co-tenants, Blowe and Morris.

The construction of this deed was in the province of the court, and upon a fair construction, based upon authority, Holliday's deed does not embrace the lands claimed by the appellants.

We are at a loss to see upon what ground Holliday's title for half a league of land can be so construed as to cover the two leagues.

Our view of the Serna grant is strengthened by the fact that the deed from Sutherland to Moore is limited to the upper league. Moore, in his deed to Patton, does the same, and it was only

shortly before the commencement of the suit that Holliday acquired a deed from Patton to the whole of the land.

Proceeding upon the authority of Croft v. Rains, 10 Texas, 520, Watrous v. McGrew, 16 Texas, 506, and Grassmeyer v. Beeson, 18 Texas, 753, claiming to be a tenant in common of certain parties whose very existence is doubted, he brings this suit against the defendants below, treating them as strangers and trespassers, and probably looking to the advantage of recovery, he would claim the whole two leagues. To say the least of it, this gives the action, on the part of Holliday, very much the appearance of a land speculation, although he does not pretend to sue for anybody but himself; and therefore, upon the authority of Stevens v. Ruggles, 5 Mass., 221, if he recover at all he can only recover for himself the interest to which he is justly entitled, whether by metes and bounds or undivided.

This court would not, under the circumstances, in the application of any principle of equity, make him the trustee of the title for his co-tenants, if satisfied that the title of the defendants below was insufficient to defeat his action.

Taking this view of the case, we deem it unnecessary to discuss any of the other questions raised upon the record.

The judgment of the district court is therefore reversed and the cause dismissed.

                              Reversed and dismissed.

OGDEN, J.—Being unable to come to the same conclusion as the majority of the court in regard to the facts of this cause, the legitimate and proper construction of the title of appellants and appellee, and more especially as to the law which should govern the claims and establish the rights of the respective parties to this suit, I hereby most respectfully dissent from the opinion in this case.