## SMITH et al. v. TOTTON.
### No. 13451.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 13, 1936.

Rehearing Denied Dec. 11, 1936.

Randell & Randell, of Sherman, for appellants.

Brame & Brame, of Sherman, for appellee.

BROWN, Justice.

Appellant, Lula Smith, joined formally by her husband, brought suit in the district court of Grayson county against appellee, Andy Totton, on three promissory notes executed by Totton, each reserving a vendor's lien on certain real estate situate in the town of Van Alstyne, in Grayson county, alleged to have been conveyed to appellee by said appellant.

Appellee answered by a general denial and a plea couched in the following language: "That he has not received any consideration whatever for his signing said notes and that said notes are entirely without consideration, and such consideration, if any, they may purport to bear has fully and completely failed." This plea is verified.

This is followed by unverified allegations, in substance, that the notes signed by appellee are not secured by any lien against the land described in the plaintiff's petition; that he did sign some notes but did so with the understanding he would receive a deed conveying to him the interest of the plaintiff in the land described, but that no deed has ever been delivered to him and that a reasonable time for such delivery has expired, and his offer has been withdrawn; that he has never accepted any deed, if same was ever executed; that the plaintiff never at any time owned more than an undivided one-half interest in and to the property described, and, if she executed a deed, it would only convey such interest as she might own, to wit; an undivided one-half interest, and any vendor's lien which may have been reserved in such deed would be reserved only on such property as could be conveyed by plaintiff, and that if she has any lien, which is specially denied, the same is only as to the undivided one-half interest which plaintiff owns in the property, and that, if it be judicially determined that a deed was ever actually executed by plaintiff, then such lien would only attach to the interest in such property which plaintiff owned.

A general demurrer was urged by appellant against the sufficiency of this answer.

The cause was tried to a jury, and the following is a substantially correct statement of the evidence introduced: The three vendor's lien notes, together with the deed from appellant to appellee conveying "all that certain tract, piece or parcel of ground situated in the County of Grayson and State of Texas known and described as follows, towit: East one-half (½) Lot No. 20 Douglas Colored Addition, to Van Alstyne, Grayson County, Texas; the same being the homestead of the said Lula Totton and Andy Totton while they were married and lived together as husband and wife."

Appellee admitted signing the three notes sued upon, but testified that he never received and has never had the deed and never authorized any one to place it on record for him.

Counsel for appellant testified that he represented her in the divorce action brought by her against appellee; that the deed and notes were executed after the divorce decree was entered; and that appellee's attorney, who represented him in the suit for divorce, delivered the executed deed to appellant's counsel for recording, and that it was placed of record by such counsel.

When the taking of evidence was ended, the trial court peremptorily instructed the jury to return a verdict for appellant, on her notes, with interest and attorney's fees, and for a foreclosure of the vendor's lien. The jury returned such verdict, and the trial court rendered judgment thereon, but found that the property was the community property of appellant and appellee, and that appellant only owned an undivided one-half interest in the property in question, and foreclosed her lien as against such undivided interest, only.

A proper motion was made to correct the judgment, which was denied and exception taken. Motion for a new trial was likewise filed and overruled, and an exception taken, together with notice of appeal.

The cause was appealed to the Court of Civil Appeals at Dallas and was by the Supreme Court transferred to this Court of Civil Appeals.

■ The trial court was without authority to find that the property in question is the community property of appellant and appellee, and that appellant at no time had more than an undivided one-half interest therein.

There is no evidence showing when appellant and appellee were married. There is no evidence showing when, or how, or by what instrument appellant ever acquired any interest whatsoever, in the property. The deed from appellant to appellee conveys the entire fee to the property described. This deed reserves a vendor's lien upon such property.

The record is silent on the question of how or in what manner appellee ever owned or acquired any interest in the property, before appellant executed the deed before us. The record nowhere discloses that the property was ever the community property of appellant and appellee.

The verdict is plain and understandable. The trial court had no authority to ignore or modify it. Ablowich v. Greenville Nat.

Bank, 95 Tex. 429, 67 S.W. 79, 881; article 2211, Rev.Civ.Statutes (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ. St. art. 2211]); 25 Tex.Jur. par. 104, pp. 484-487.

■ There being no evidence in the record that the entire title to the property was not vested in appellant, and no evidence that appellee acquired any vested interest in the property until appellant executed the deed to him, the trial court should have foreclosed the vendor's lien as against the interest described in the deed —that being the entire fee.

■ If the trial court felt that such a judgment should not be rendered, it was the duty of such court to set aside the verdict and judgment' and to give the parties a new trial. This was not done, but an effort made to render judgment not in accordance with the verdict, which was instructed by the trial court.

The judgment of the trial court denying appellant a foreclosure of her lien as against the whole of the property described in the deed executed to appellee is reformed so as to award such foreclosure, and, as reformed, is by us affirmed.