ANDY TOTTON v. LULA SMITH ET VIR.

No. 7221.   Decided February 23, 1938.
Rehearing overruled March 23, 1938.
(113 S. W., 2d Series, 517.)

*Brame & Brame,* of Sherman, for plaintiff in error.

The trial court is authorized to find that property in the possession of a spouse, at the time of the dissolution of the marital relation, is community property, each spouse owning one-half thereof, in the absence of any proof to the contrary. Ervin v. Ervin, 128 S. W. 1139; Cope v. Blount, 91 S. W. 615; George v. Reynolds, 53 S. W. (2d) 490.

Where an instructed verdict provided for the foreclosure of "her lien," such verdict is not ignored or modified by the entry of a judgment foreclosing the lien on an undivided one-half interest in certain lands which was acquired by the parties during their marriage relations and was in their possession at

the time of the dissolution of such marital relation' and at the time the lien foreclosed was acquired by the conveyance of said real estate by one spouse to the other, just following the divorce decree, it being the duty of the trial court to make the judgment conform to the nature of the case proved. Zachery v. City of Uvalde, 42 S. W. (2d) 417; Smith v. Smith, 55 S. W. 541; San Antonio, U. & G. Ry. Co. v. Galbreath, 185 S. W. 901.

*Randell & Randell,* of Sherman, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

Lula Smith and husband brought suit against Andy Totton on three vendor's lien notes, aggregating the sum of $250.00, and for a foreclosure of the vendor's lien on the land described in the general warranty deed executed by Lula Andrews. Andy Totton and wife had been divorced, she resuming her maiden name, Lula Andrews. Later she married Albert Smith, and she and Smith brought suit as above stated. The case was tried to a jury, and, after the introduction of the testimony, the trial court peremptorily instructed the jury to return a verdict for Lula Smith for the amount of the notes and for a foreclosure of the vendor's lien. The jury returned such verdict, and the trial court rendered judgment thereon, but found that the property on which the lien was sought to be foreclosed was the community property of Lula Smith and Totton, and that each owned only an undivided one-half interest therein, and foreclosed her lien only as to such undivided one-half interest. Lula Smith appealed the case to the Court of Civil Appeals, and that court reformed the judgment of the trial court and awarded a foreclosure of the vendor's lien against the property described in the deed and the notes. 98 S. W. (2d) 1019. A writ of error was granted.

The question presented in this case is whether Lula Smith is entitled to a foreclosure of the vendor's lien on the entire tract of land conveyed by her to Andy Totton, as held by the Court of Civil Appeals, or to a foreclosure of the lien as to only an undivided one-half interest therein, as held by the trial court.

The following are the salient facts: Lula Andrews was the former wife of Andy Totton, and they were divorced. As a feme sole she executed her deed to Andy Totton for a certain consideration, of which $250.00 was evidenced by three vendor's lien notes executed by Totton. The notes and deed described the land conveyed as follows: "All that certain tract, piece or parcel of ground situated in the County of Grayson and State

of Texas known and described as follows, towit: East one-half (½) Lot No. 20 Douglas Colored Addition to Van Alstyne, Grayson County, Texas; the same being the homestead of the said Lula Totton and Andy Totton while they were married and lived together as husband and wife." The deed contained the usual general warranty clause, and also further provided, "that the Vendor's Lien is retained against the above described property premises and improvements until the above described notes are fully paid."

Totton admitted that he signed the notes, but testified that he never received the deed, nor did he have it recorded. The record shows that after the deal was closed, the attorney who represented Totton in the divorce suit delivered the deed to the attorney for Lula Andrews, and such deed was filed for record. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the facts involved here. We quote from the opinion of Judge Brown as follows:

"Appellee answered by a general denial and a plea couched in the following language: 'That he has not received any consideration whatever for his signing said notes and that said notes are entirely without consideration, and such consideration, if any, they may purport to bear has fully and completely failed.' This plea is verified.

"This is followed by unverified allegations, in substance, that the notes signed by appellee are not secured by any lien against the land described in the plaintiff's petition; that he did sign some notes but did so with the understanding he would receive a deed conveying to him the interest of the plaintiff in the land described, but that no deed has ever been delivered to him and that a reasonable time for such delivery has expired, and his offer has been withdrawn; that he has never accepted any deed, if same was ever executed; that the plaintiff never at any time owned more than an undivided one-half interest in and to the property described, and, if she executed a deed, it would only convey such interest as she might own, to wit: an undivided one-half interest, and any vendor's lien which may have been reserved in such deed would be reserved only on such property as could be conveyed by plaintiff, and that if she has any lien, which is specially denied, the same is only as to the undivided one-half interest which plaintiff owns in the property, and that, if it be judicially determined that a deed was ever actually executed by plaintiff, then such lien would only attach to the interest in such property which plaintiff owned."

Finally Totton prays "that plaintiff take nothing by her suit

and that as to plaintiff's purported cause of action this defendant be discharged with his costs."

Under the instruction of the trial court, the jury returned the following verdict: "We, the Jury, find·in favor of the plaintiff for the amount of her notes, interest, and attorney fees, and foreclosure of her lien; and against the defendant on his crossbill."

After the verdict of the jury was returned, counsel for Andy Totton filed two motions. One was to set aside the verdict of the jury, and the other, an alternative motion, was for a new trial. The gist of both motions was to ask the court to set aside and hold for naught the verdict of the jury in this case, and that a new trial be granted. Based upon the verdict of the jury, the trial court rendered judgment in favor of Lula Smith, and against Andy Totton, for the sum of $312.12,, but foreclosed the vendor's lien for such amount against only an undivided one-half interest in the land described in the deed and notes.

1 The object of construing any deed is to ascertain the intention of the parties as expressed in the deed itself, and such intention expressed therein is of controlling importance. Reynolds v. McMan Oil & Gas Co., (Tex. Com. App.) 11 S. W. (2d) 778; Sun Oil Co. v. Burns, 125 Texas 549, 84 S. W. (2d) 442, 444; Associated Oil Co. v. Hart, (Tex. Com. App.) 277 S. W. 1043; Gibbs v. Barkley, (Tex. Com. App.) 242 S. W. 462; Hoffman v. Magnolia Petroleum Co., (Tex. Com. App.) 273 S. W. 828, 830; 14 Tex. Jur., Sec. 132, p. 910, and cases cited.

2 The general warranty deed from Lula Andrews to Andy Totton conveyed, without any restrictions, the entire tract of land, and a vendor's lien was expressly retained thereon to secure the notes executed by Totton. There is no ambiguity about the description of the land in the deed, or the vendor's lien retained thereon, and the jury awarded a foreclosure of the lien on the land in favor of Lula Smith. Therefore it was the duty of the court to foreclose the vendor's lien on the entire tract of land as described in the deed, unless it was shown by proper pleadings and proof that the deed and notes did not represent the contract between Lula Andrews and Andy Totton. Cleveland State Bank et al. v. Gardner et al., 286 S. W. 173, 175; Reynolds v. McMan Oil & Gas Co., (Tex. Com. App.) 11 S. W. (2d) 778; Lanham v. West, (Tex. Civ. App.) 209 S. W. 258; Texas Land & Loan Co. v. Watkins, 12 Texas Civ. App. 603, 34 S. W. 996.

Since Totton contended that the deed and notes did not

speak the truth, the burden rested upon him to show such fact. If we assume, as contended for by Totton, that the deed conveyed a certain interest in the land by mistake or fraud, and that the lien covered only an undivided interest therein, he cannot deny that the vendor's lien covers all the land described in the deed until it is shown that the deed and notes do not conform to the actual agreement made by the parties. All interested parties may obtain relief in the same suit in which foreclosure proceedings are instituted, and judgment may be rendered which conforms to the real agreement entered into between the parties; but to obtain such relief the burden rests upon the person seeking it to allege and prove the grounds for such relief. Ætna Ins. Co. v. Brannon, 99 Texas 391, 89 S. W. 1057; Fitch v. Lomax, 16 S. W. (2d) 530, 66 A. L. R. 758, and annotated cases; San Antonio Nat. Bank v. McLane, 96 Texas 48, 70 S. W. 201; Cleveland State Bank et al. v. Gardner et al., 286 S. W. 173, 175; 36 Tex. Jur., Sec. 5, p. 718, and cases cited. In this instance Totton did not meet the burden placed on him.

Lula Smith and her husband filed a motion to reform and correct the judgment, to the extent that the vendor's lien should be foreclosed as to the entire tract of land, instead of a one-half undivided interest therein, as was done in the judgment. This motion was overruled. Under the record in this case Lula Smith was entitled to a foreclosure of her vendor's lien on the entire tract of land. Therefore the judgment of the Court of Civil Appeals is hereby affirmed.

Opinion delivered February 23, 1938.

Rehearing overruled March 23, 1938.