## MAXWELL et al. v. HUNTER.

### No. 9610.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1940.

Robert H. Bean, of Lubbock, Tex., for appellant.

Ed. E. King, of Abilene, Tex., for appellees.

Before HOLMES, and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

J. R. Cone brought suit to establish an interest in and to the minerals in and under the southeast quarter of Section 897, Block D, John H. Gibson Survey, in Yoakum County, Texas. All persons having an interest in or claim to the land were named defendants. Various defendants filed cross-actions against other defendants. This appeal is from that portion of the judgment entered on a cross-claim in favor of the defendants, Mrs. Louis M. Hunter, individually and as Community Administratrix of the estate of Louis M. Hunter, deceased, S. D. Hunter, Mrs. Annie Hunter, and T. A. Bledsoe, and against the defendants, Herbert C. Maxwell and Perna H. Crow.

On July 11, 1927, Tommye Jones executed an oil and gas lease on the property in question in favor of L. M. Hunter. The lease was for a primary term of ten years and provided for a royalty of "the equal one-eighth part of all oil produced and saved from the leased premises." The lease further provided that if no well was commenced on the land on or before July 11, 1928, "this lease shall terminate as to both parties unless the lessee on or before that date shall pay and tender to the lessor * * * the sum of 25¢ per acre (or $40.00) Dollars which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively." Hunter assigned this lease to Leroy Adams. Thereafter, on August 12, 1927, Tommye Jones conveyed to L. M. Hunter an undivided one-half interest "in and to all of the oil, gas and other minerals in and under, and that may be produced from" the land. This mineral deed was made subject to the oil

and gas lease from Tommye Jones to Hunter and which had been assigned to Leroy Adams.

On August 31, 1927, L. M. Hunter executed a royalty deed in favor of Herbert C. Maxwell. This royalty deed is the basis of the claim of Maxwell and Crow in this suit. The question involved on this appeal is one of construction to determine if the royalty deed from Hunter to Maxwell conveyed a royalty interest which terminated when the lease from Tommye Jones to Hunter was released on July 11, 1931, by Addison H. Gibson, who then owned it.

The royalty deed from Hunter to Maxwell described the land and then made the following recitations:

"And said above described lands being now under an oil and gas lease originally executed in favor of L. M. Hunter and now held by Leroy Adams, it is understood and agreed that this sale is made subject to said lease, but covers and includes 1/4 of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease."

"It is agreed and understood that None of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Herbert C. Maxwell, and in the event that the said above described lease for any reason becomes canceled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by Tommye Jones and L. M. Hunter each owning one half (1/2) interest in all oil, gas and other minerals in and upon said land, together with 1/2 interest in all future rents."

The court held that the conveyance containing these clauses was a deed to royalty only and that when the outstanding lease terminated all right to receive royalty expired. The appellants, Maxwell and Crow, contend that the royalty deed conveyed a permanent royalty interest entitling Maxwell and those holding under him to one-fourth of all royalty paid under the existing lease and all future leases on the property.

■■ The object of construing an instrument such as the one in question is to ascertain the intention of the parties as expressed in the deed itself "and such intention expressed therein is of controlling importance." Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517, 518. The second clause of the deed quoted above plainly provides that in the event of cancellation or forfeiture of the outstanding lease Hunter would have a full one-half interest in the oil, gas, and minerals. This clause cannot be ignored and when the deed is read as a whole it is clear that the intention was to convey the royalty only for a specified term.

The judgment is affirmed.