## HUGHES et al. v. WARD OIL CORPORATION.

### No. 9728.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1941.

Rehearing Denied Jan. 12, 1942.

W. W. Caves, A. H. Waldrop, and Chas. W. Shaw, all of Henderson, Tex., and T. R. Boone, of Wichita Falls, Tex., for appellants.

L. L. James, of Tyler, Tex., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

K. Hughes and Tres Oil Corporation brought suit against Ward Oil Corporation to recover title and possession of a leasehold estate covering approximately 3¼ acres of land in Rusk County, Texas. After a trial without a jury, the court entered findings of fact and conclusions of law, found the issues against plaintiffs, sustained defendant's pleas of res judicata and estoppel, and entered judgment denying recovery to the plaintiffs. Hughes and Tres Oil Corporation have appealed.

The plaintiffs and the defendant claimed interests in the disputed strip of land through a common source of title, the Giles heirs.

In January, 1931, Ward Oil Corporation acquired title to an oil and gas lease on a 41.7 acre tract of land in the M. J. Pru Survey in Rusk County, Texas. On February 26, 1931, a correction lease was executed in favor of Ward Oil Corporation so as to include in its tract all land within the Giles fences. Later it appeared that the correction lease included approximately four acres of land in excess of the 41.7 acre tract originally under lease to Ward, and on November 1, 1932, Ward executed an instrument by which it quitclaimed the supposed excess acreage to the Giles heirs. This instrument attempted to describe the excess acreage by calls and distances, "beginning at the N E cor of said 41.7 acres", the property being further described as "lying immediately East of and adjoining" the Ward Oil Corporation's tract.

In March, 1933, lessees of the "excess acreage" tract undertook to drill a well west of the Pru-Ximines League Line, and upon Ward's 41.7 acre tract. Ward thereupon filed suit in the District Court of Rusk County, Texas, to enjoin the drilling of the well. The defendants in the State Court suit, appellants here, filed a cross-action to obtain title and possession of a leasehold interest covering 3.97 acres of land, and including the strip involved in the appeal now before us. The suit in the State Court was tried and submitted to the jury on special issues, and after verdict judgment was entered enjoining the defendants (appellants here and their privies) from drilling upon Ward's tract. On the cross-action it was determined that a portion of the 3.97 acres sued for by defendants overlapped the Ward Oil Corporation's tract, and that a small portion of it lay east of the west line of the Juan Ximines Survey and did not encroach upon Ward's holdings. Based on this finding the State Court denied recovery of the overlapping rectangular strip of land which appellants now again seek to recover, and awarded them the small triangular tract containing approximately six-tenths of an acre, lying in the Ximines Survey east of the Pru-Ximines League Line, within the Giles fences, and adjoining Ward's 41.7 acre tract. The defendants appealed from and secured reversal of that portion of the State Court judgment awarding an injunction,

but they did not appeal from that portion of the judgment awarding the small triangular tract to them and denying recovery of the other acreage claimed. That they did not appeal from the judgment on the cross-action was made altogether clear in a letter written by their attorneys to the Texas Court of Civil Appeals on October 27, 1934, while the case was pending before that court. Counsel in their letter, in referring to the judgment against Ward "for a certain portion of the land in controversy" said: "In our request for a reversal of the case, we did not mention that portion of the judgment, neither did we mention it in the argument but, of course, think in any event that portion of the judgment should be affirmed as there was no appeal from it." There having been no appeal from that portion of the judgment denying recovery of the land here in suit, the court below properly sustained the plea of res judicata. Adams v. Hughes, Tex.Civ.App., 140.S.W. 1163; M. H. Lauchheimer & Sons v. Coop, 99 Tex. 386, 89 S.W. 1061, 90 S. W. 1098; Quarles v. Hardin, Tex.Com. App., 249 S.W. 459; Quarles v. Conway, Tex.Com.App., 249 S.W. 463.

■ It further appears that prior to the time of the filing of the present suit, appellants and their privies were contending that the State Court judgment awarding them the six-tenths acre triangular tract was a "valid and binding final judgment". Moreover, in another suit filed in the court below as Cause No. 634 in Equity these appellants filed a cross-action in which they alleged that they had appealed "from that portion of the judgment, so rendered against them" in the State Court; and they successfully urged upon the lower court these findings of fact:

"1. Plaintiff (Ward) is the owner of an oil and gas lease upon 41.7 acres of land in the Pru League in Rusk County, Texas, and the East line of said tract is on the East Line of the Pru League and the West line of the Ximines League.

"2. Defendant is owner of an oil and gas lease upon a portion of the Ximines League which lies immediately East of, and adjoining, said 41.7 acres.

\* \* \* \* \* \*

"5. The other Giles heirs claiming an interest in the 'Excess' a written instrument was made by all of the Giles heirs and Ward Oil Corporation, \* \* \* whereby Ward Oil Corporation disclaimed any portion of the land lying East of the Pru Line on the Ximines Survey and quitclaimed all the 'excess' in the Ximines Survey."

Having successfully contended in Cause No. 634 in Equity that its holdings were in the Ximines Survey and lay "immediately East of and adjoining" Ward's tract, appellants are, therefore, estopped and may not now change position and claim that they own an additional 3¼ acres which overlaps Ward's 41.7 acres, and lies in the Pru Survey, and upon which Ward has drilled an offset well. See 17 Texas Jur. Estoppel § 6, pp. 134, 135; 34 C.J., Judgments, § 1335 (5); Citizens' State Bank v. Jeffries, Tex. Civ.App., 2 S.W.2d 317; Smith v. Chipley, Tex.Civ.App., 24 S.W.2d 87; Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269.

■ Aside, however, fom the pleas of res judicata and estoppel, it is clear that on the merits appellants should not recover the tract of land in suit. By the instrument of November 1, 1932, Ward quitclaimed to appellants, their privies and predecessors in title, all acreage within the Giles fences in excess of the 41.7 acre tract. This instrument makes it exceedingly clear · that there was no intention to give up or release any of Ward's original leasehold interest. The instrument recites that Ward quitclaims all right, title, and interest in and to that portion of the Ximines Survey "lying immediately East of and adjoining 41.7 acres and described as follows: Beginning at the N E cor of said 41.7 acres. \* \* \*" The instrument further recites the intention of the parties in these words: "The intention being to quitclaim all interest in any portion of the Juan Ximines Survey, lying adjacent to and East of said 41.7 acres." This expressed intention is of controlling importance, for when the instrument is examined as a whole in the light of the established facts and circumstances surrounding its execution, it is clear that all parties understood, agreed, and intended that only the "excess acreage" was being released, and that Ward was retaining its 41.7 acre leasehold interest. Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S. W.2d 442; Ruth v. Carter-Kelly Lumber Co., Tex.Civ.App., 286 S.W. 322; Mosley v. Edds, Tex.Civ.App., 80 S.W.2d 401; Maxwell v. Hunter, 5 Cir., 116 F.2d 260; Doyle et al. v. Stanolind Oil & Gas Co. et al., 5th Cir. 123 F.2d 900.

It was further agreed in the instrument of November 1, 1932, that appellants would

drill only two wells upon the acreage quit-claimed to them. They have already drilled two wells upon the small triangular tract awarded to them by the State Court, and by this suit they would seek to go over and upon Ward's 41.7 acre tract and take an additional strip of land upon which a well has been drilled, and leave Ward with little more than 38 acres of its 41.7 acre tract. Such result is not warranted under the facts of this case.

The original witness tree, called for in the descriptions in the parties' chain of title, is still standing at the northwest corner of the 41.7 acre tract. The court below found the true boundary line between the holdings of appellants and appellee to be located 395 varas (1,097 feet) east of this witness tree; that only 41.7 acres of the Giles land lies west of the Juan Ximines-Pru League Line; and that all of the land sued for by plaintiffs "laps over on the 41.7 acres." The findings of the court are supported by the evidence in the record, including field notes and a plat in "Plaintiffs' Exhibit BB" introduced without limitation by appellants on the trial of the case below.

No good purpose could be served by discussing the many contentions of appellants. It is sufficient to say that we have reviewed the record, and the findings and conclusions of the trial court are correct.

The judgment is affirmed.