PEACOCK v. ALEXANDER et ux.

ALEXANDER et ux. v. PEACOCK.

Nos. 6645, 6649.

Court of Civil Appeals of Texas. Texarkana.
Dec. 4, 1952.

Rehearing Denied Jan. 1, 1953.

Stone & Stone and Wm. Emerson Stone, Jr., Jacksonville, for Peacock.

Lewis & Chandler, Jacksonville, for Alexander and wife.

HALL, Chief Justice.

The trial court rendered summary judgment in cause No. 6645, construing a certain mineral deed in favor of appellees Alexander and wife against appellant J. H. Peacock; and in cause No. 6649 the trial court entered a summary judgment in favor of appellee J. H. Peacock and against appellants P. H. Alexander and wife, holding the appellants' cause of action barred by the four-year statute of limitation, R. S. Art. 5529, in so far as Alexanders' cause of action sought cancellation of the royalty deed for (1) fraud and misrepresentation, (2) for failure of consideration and (3) for want of delivery.

The above causes of action are here consolidated for the reason that they relate to the same subject matter, between the same parties, and together constituted cause No. 18975 in the trial court. Alexander and wife's suit against Peacock was for removal of cloud from title of Alexanders' land cast by a royalty deed executed by Alexander and wife to Peacock, covering 20 acres of land, dated September 17, 1936, and duly filed for record. They also sought to have the royalty deed cancelled for failure of consideration, for want of delivery and for fraud.

The record shows that on the 20th day of August, 1942, Alexander and wife filed suit against Peacock, being cause No. 15,300, seeking to set aside the royalty deed from them to Peacock, alleging that it was procured by fraud, for lack of delivery and failure of consideration. That suit was dismissed from the docket of the District Court of Cherokee County on August 19, 1944 for want of prosecution. The present suit No. 18975 was filed by Alexander and wife against Peacock on February 26, 1951, and as stated above, in addition to the cause of action asserted in the original suit No. 15,300, sought cancellation of the royalty deed for the reason that said deed by its own terms had expired and was a cloud on their title.

By two judgments entered the same day, to-wit, January 14, 1952, one in favor of appellant Alexander and wife cancelling the royalty deed, and the other in favor of Peacock, holding that the cause of action of Alexander and wife against Peacock for fraud, failure of consideration, and nondelivery of the royalty deed was barred by the four-year statute of limitation.

We have concluded that a determination of Peacock's Point No. 1 in cause No. 6645,

to the effect that "the trial court erred in granting the motion for summary judgment of appellees (Alexander and wife) because of the fact that the royalty deed from appellees to appellant (Peacock) is a perpetual royalty instrument by its terms and according to the language thereof and the rules of construction covering the construction of deeds," raises the controlling issue to be determined herein. If the royalty deed from Alexander and wife to Peacock had by its own terms expired, then it will not be necessary to discuss Alexanders' points with respect to the alleged errors of the trial court in finding his cause of action as to all matters raised by them, except the construction of the royalty deed, barred by limitation. The two paragraphs in the royalty deed pertinent here are:

"And said above described lands being now under an oil and gas lease originally executed in favor of L. A. Grelling et al. and now held by Humble Oil & Refining Co., it is understood and agreed that this sale is made subject to said lease, but covers and includes 20 royalty acres of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease.

 "It is agreed and understood that none of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said J. H. Peacock, *and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned by P. H. Alexander et ux. owning all interest in all oil, gas and other minerals in and upon said land, together with all interest in all future rents."* (Italics ours.)

From the above paragraphs it clearly appears that the royalty deed from Alexander to Peacock covering the 20 acres was subject to the lease, originally made by the Alexanders to Grelling et al., but at the time of the execution of the royalty deed was owned by the Humble Oil & Refining Company, and is hereafter referred to as Humble Lease. It is conceded that the Humble Lease has long since been released to Alexander and wife by the Humble Oil & Refining Company. In fact the record shows that the oil and gas lease was released to the Alexanders some twenty-six days after the execution by them of the 20-acre royalty deed to Peacock. It is to be observed further that the royalty deed plainly states in the second paragraph copied above "and in the event that the said above described lease (Humble Lease) for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned by P. H. Alexander et ux. owning all interest in all oil, gas and other minerals in and upon said land, together with all interest in all future rents." Thus the royalty deed fixes the event ending its existence, namely, the termination by forfeiture or otherwise of the Humble Lease. We do not think that any other interpretation can be given to this plain provision in the royalty deed.

The royalty deed specifically states that it deals with royalty. Our Supreme Court holds that royalty means the ⅛ of the minerals reserved by the lessor in the oil and gas lease. State National Bank of Corpus Christi v. Morgan, 135 Tex. 509, 143 S.W. 2d 757, and cases there cited. The deed could not legally deal with any portion of the ⅞ mineral interest held at the time by the Humble Oil & Refining Company. It recognized the existence of the Humble leasehold interest. Moreover, at the time the royalty deed was made, Alexanders owned nothing but the ⅛ reserved royalty.

"The object of construing any deed is to ascertain the intention of the parties as expressed in the deed itself and such intention expressed therein is of controlling importance." Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517, 518. When the above rule is applied to the royalty deed under consideration here it appears by its express terms that it expired with the Humble Oil and Gas Lease set out above. We are supported in this conclusion by Maxwell v. Hunter, 5 Cir., 116 F.2d 260, wherein a

royalty deed in exact language as the royalty deed here was held to have expired with the lease covering the land at the time the royalty deed was executed and to which it was subject. See also MacDonald v. Sanders, Tex.Civ.App., 207 S.W.2d 155 (writ refused, N.R.E.); Ashcroft v. Fleming, Tex.Civ.App., 168 S.W.2d 304; same case, Fleming v. Ashcroft, 141 Tex. 41, 175 S.W.2d 401.

Appellant, among other authorities, cites Kokernot v. Caldwell, Tex.Civ.App., 231 S. W.2d 528, in support of his contention that the grant in the royalty deed here is perpetual. That case, as well as the Fleming case, supra, from this court (affirmed by the Sup.Ct.), under different fact situations, held that the term of years expressed in the granting clause determined the duration of the grant, one for fifteen years and the other for twenty years. And in the Fleming case, supra, it is held that there is no repugnancy between the fifteen year provision of the deed and the habendum and warranty clauses in which the word forever is used when all provisions are taken together. Neither of the royalty deeds discussed in those cases, so far as the record reveals, contains a similar paragraph to paragraph No. 2, copied above, in the royalty deed here, and for that reason we do not think they are controlling here. Appellants also cite two cases from California, Dabney-Johnston Oil Corp'n v. Hitchcock, Cal.App., 25 P.2d 867, 870, and Callahan v. Martin, 3 Cal.2d 110, 43 P.2d 788, 795, 101 A.L.R. 871, which, upon first reading, seem to support the theory that his title under the royalty deed is of a permanent nature. However, these cases base their holding on the language employed in the conveyances. In the first case cited above it is said: "It is now urgently contended by the plaintiff that the court erred in receiving such evidence. With this contention we do not agree. It will be noted that no single assignment by its terms was *limited to any right or rights arising out of any one of the leases.* The most that can be said in that behalf is some of the assignments might be said to be ambiguous. * * * In the instant case the evidence introduced showed that the con-tracts were written in that part of this state where the development of oil wells is one of the extensive industries; that they were written by the lessors; that all persons interested were familiar with the terms used and the meaning thereof in the oil industry; that the lessors at the time the instruments *were written declared their intention of conveying in perpetuity the interest designated in the hydrocarbon substances believed to be contained in the lands of the lessors; and that every one of the documents showed, by express language or clear inference, that a part of the 'land owners royalty' was being conveyed and that said expression had the technical meaning of being an interest in perpetuity."* In the second case cited next above it is said: "In Beam v. Dugan [132 Cal.App. 546, 23 P.2d 58], supra, it was held that the rights of the assignee of oil royalty to share in oil produced extend not only to the lease in effect at the time the assignment is made, but to all future leases where the assignment of oil rights is *unlimited in duration."* (Italics ours.) Neither of the two cases last cited, so far as the opinions reflect, contains language similar to the second clause copied from the lease here under consideration, providing for its demise. We conclude that the summary judgment in the trial court correctly held that Peacock's royalty deed "expired in accordance with its terms" on the date the Humble Lease was released. This point is overruled.

█ Appellant's Point No. 2 is: "The trial court erred in granting the motion for summary judgment of appellees in total disregard of the prior construction of the instrument by the appellees as is evidenced by the record of cause No. 15,300, in the District Court of Cherokee County, Texas, Second Judicial District of the State of Texas, wherein appellees sought the cancellation of the instrument on bases other than construction." We heartily agree with appellee in respect to the rule of construction forming the basis of this point when applied to the proper state of facts. In Richardson v. Hart, Tex.Civ.App., 183 S.W. 2d 235, reformed and affirmed by the Supreme Court, 143 Tex. 392, 185 S.W.2d 563, 564, we applied the rule expressed in Rio

Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 1088, 85 A.L.R. 391, that: "It is a familiar rule of construction of written instruments *that, where a contract is ambiguous in its terms,* a practicable and reasonable construction given it by the parties thereto, before any controversy has arisen as to its meaning, will generally be given controlling effect by the courts." The Supreme Court in reforming and affirming this court in that case held that the deed was not ambiguous and "in the absence of such ambiguity the rule of construction announced by the Court of Civil Appeals (set out above) is not applicable." The opinion recites further "Where the terms of the contract are plain and unambiguous the construction given it by the contracting parties is ordinarily immaterial and, in the absence of fraud, accident or mistake, parol evidence is not admissible to vary its terms", citing cases. (Italics ours.) The royalty deed is not ambiguous, but its terms are clear. Therefore the construction placed upon it by the parties, if any, is immaterial. This point is overruled.

We pointed out in the beginning of this opinion in consolidating the two causes of action that in cause No. 6649 the trial court had entered a summary judgment final in its nature holding Alexanders' cause of action barred by the four-year statute of limitation, R.S. art. 5529, in so far as it seeks cancellation of the royalty deed (1) "for fraud and misrepresentation, (2) the suit seeking cancellation for failure of consideration, and (3) the portion of the suit seeking cancellation on the basis that there was no delivery as provided by law for such conveyance and further any other basis or bases whereby plaintiffs (Alexanders) seek the action of the court to cancel such instrument save and except the question of the construction of the same." It is our opinion that our holding in No. 6645, that the royalty deed had expired by its own terms, renders a discussion of the questions raised with respect to the action of the trial court in cause No. 6649 set out next above is immaterial, and cause of Action No. 6649 should be reversed and ordered dismissed by the trial court.

The judgment in cause No. 6645 is affirmed; and the judgment in cause No. 6649 is reversed and remanded with instructions.