**Kenneth ELLIS, Appellant,**

v.

**K. M. WATERS, Appellee.**

**No. 6710.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 18, 1957.

Rehearing Denied Jan. 6, 1958.

Richard D. Bird, Childress, for appellant.

Allen Harp and Williams, Broughton & Forbis, Childress, for appellee.

PITTS, Chief Justice.

This is a suit in trespass to try title filed by appellant, Kenneth Ellis, against appellee, K. M. Waters, involving an undivided mineral interest in a described 160 acre tract of land located in Childress County, Texas. It was agreed by stipulation of the parties that S. B. W. Hughes is the common source of title of the premises in litigation. It is conceded that appellant is the fee simple owner of the surface and a part of the mineral interest in the said land but appellee contends that he owns an undivided ½ interest in and to all of the oil, gas and other minerals in and under the said land. Appellant concedes that appellee owns a ¼ undivided mineral interest in the said land but no more.

The case was tried to the court without a jury, as a result of which judgment was rendered sustaining appellee's contentions by vesting title and possession of the land and minerals therein in appellant, Kenneth Ellis, except for ½ undivided interest in the

minerals, the title of which was vested in appellee, K. M. Waters. Appellant perfected an appeal and here charges it was error to award appellee more than ¼ undivided interest in the said mineral rights.

The evidence consists of only three deeds introduced in addition to the agreed stipulation of the parties previously herein mentioned. Two mineral deeds exactly alike and containing verbatim language, except for the dates executed, the spelling of the appellee's name in the limiting clauses and the use of the word "each" added in the second deed, were executed for the same stipulated consideration by S. B. W. Hughes and wife, Lena B. Hughes, of dates respectively August 12, 1939 and January 3, 1941, conveying mineral interests in the land to "K. M. Watters" in the first deed and to "K. M. Waters" in the second deed (note the spelling of the name with two "t's" in the first deed but using only one "t" in the second deed). Both deeds were duly recorded in the office of the county clerk of Childress County, Texas. Thereafter, on November 30, 1956, S. B. W. Hughes and Wife, Lena Hughes, executed for a valuable consideration a general warranty deed conveying fee simple title of the 160 acres of land in question to appellant, Kenneth Ellis, without mentioning any former mineral deeds having been executed and without reserving in any way any mineral or royalty interests. However, it is conceded that appellant and all others had constructive notice of the contents of the two mineral deeds previously herein mentioned conveying mineral interest to appellee herein who placed such deeds of record.

Each of the two mineral deeds executed by Hughes and wife previously herein mentioned purported to convey to appellee herein, for a consideration of $100, an undivided ¼ interest in all of the minerals in and under the said 160 acres of land therein described. Then in the third paragraph of the first deed we find the following language:

"It is agreed and understood that the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by S. B. W. Hughes owning three fourths and K. M. Watters owning One Fourth interest in all oil, gas and other minerals in and upon said land, together with the same interest in all future rents."

The language in the third paragraph of the second deed is of the same import using the same language, except for the shown underscored variations in the third paragraph thereof expressed in the following language:

"It is agreed and understood that the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by S. B. W. Hughes owning three fourths and K. M. *Waters each* owning One Fourth interest in all oil, gas and other minerals in and upon said land, together with the same interest in all future rents." (Emphasis added.)

Appellant contends that, although the second deed executed makes no reference to the first deed, because of the language therein used it must have been executed in lieu of the first deed as a correction deed or for some other reason, but that, in any event, because of the expressed interests of the parties in the third paragraph of both mineral deeds limiting appellee's interest to ¼ of the jointly owned mineral rights and definitely fixing the interest of appellant's predecessor therein at ¾ of the same, the trial court erred in construing the language otherwise by awarding each of the parties to this suit ½ of an undivided interest in the mineral rights. Appellee relies upon both mineral deeds, which he pleaded and introduced in evidence, as a result of which he contends that each mineral deed conveyed to him a ¼ undivided interest in all the mineral rights, notwithstanding the apparent otherwise limitation language used in the third paragraph of each mineral deed, and particularly in the second mineral deed, and he further contends that because of the use of the word

"each" following his name in the third paragraph of the second mineral deed, the language is ambiguous, however, there was no pleading of ambiguity and no attempt made to offer parol evidence to explain the claimed ambiguity. It therefore appears that the rights of the parties can be determined by giving a proper construction of the language used in the second deed of date January 3, 1941, and particularly in construing the third paragraph thereof. Both parties here concede that in construing the second deed we must be guided by the intentions of the parties thereto as determined by the language therein used.

In the case of Greene v. White, 137 Tex. 561, 153 S.W.2d 575, 583, 136 A.L.R. 626, the court said in part:

> "The general rule is that the grantee in a deed accepted by him is a party to the deed, even though he does not sign it, and that he is concluded by recitals in the deed and by reservations contained therein in favor of the grantor."

In the case of Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517, 518, the court said in part:

> "The object of construing any deed is to ascertain the intention of the parties as expressed in the deed itself and such intention expressed therein is of controlling importance."

█ In applying the foregoing rules in ascertaining the intention of the parties to a mineral deed the question is not determined by the intention which the parties may have had but failed to express but their intention which by the terms of the instrument they did express. First National Bank of Snyder v. Evans, Tex.Civ.App., 169 S.W.2d 754 (writ refused). Where the grantor's intentions have been clearly expressed in a deed, other clauses must be construed to conform to that intention notwithstanding such construction may have the effect of weakening other clauses therein.

Any other construction would defeat the purpose of the grantor and completely destroy his expressed intention. Robison v. Murrell, Tex.Civ.App., 184 S.W.2d 529 and other authorities there cited. Restrictive words in the latter part of a deed control the grant. Cromwell v. Holliday, 34 Tex. 463, 464.

Concerning the question of ambiguity raised by appellee, we find in the case of Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 157, the court said in part:

> " * * * 'if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous.' * * * In other words, if after applying established rules of interpretation to the contract it remains reasonably susceptible to more than one meaning it is ambiguous, but if only one reasonable meaning clearly emerges it is not ambiguous."

█ Appellee seems to contend that by the use of the word "each" following his name as shown in the third paragraph of the second mineral deed previously herein copied, ambiguity exists, although he did not plead such or seek to explain such by offering parol evidence. The substance of the language there used states that it is agreed and understood that the lease interests and future rentals "shall be owned jointly by S. B. W. Hughes owning three fourths and K. M. Waters each owning One Fourth interest" in the minerals and future rents. Appellee contends that by the use of such language it appears that the parties thereto may each own only ¼ interest in the mineral rights. But such a construction would cover only ½ of the mineral rights and would be contrary to the previous definite statement unequivocally showing Hughes owns ¾ interest, which leaves only ¼ interest for appellee. In applying the rules of construction, the definitely ex-

pressed ¾ interest of the grantor, Hughes, cannot be ignored. When the language used in the entire paragraph is construed together, it is our opinion that such can not mean anything other than that it was then the intention of the grantor, as well as the grantee, that Hughes, appellant's predecessor in title, actually owned ¾ interest and appellee, Waters, owned ¼ interest in the minerals and future rentals. Consequently we believe the word "each," as there used, does not help to determine anything but is merely surplusage and no ambiguity exists. It is our opinion that the language there used clearly discloses the intention of the parties to show Hughes owning ¾ and appellee Waters owning ¼ of the mineral rights. Such is a reasonable construction, free of any repugnancy, contradictions or lack of harmony by other language used in the deed. It is our opinion further that, in any event, such language is not fairly susceptible of any other interpretation and should be so construed as a matter of law. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217.

■■ In the case at bar there were no allegations of fraud, accident or mistake and no attempt was made by the parties to reform the mineral deed in question. Consequently we think the rules of law pronounced in the recent case of Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620, are controlling here. In that case the grantor specifically declared the intention of the parties by setting out in mineral deeds what undivided interest the grantee was to receive. The court there said in part:

"There being no allegation of fraud, accident or mistake and no attempt by the parties to reform the mineral deeds, the court will give effect to the intention of the parties as expressed by the terms and provisions of the instruments. Generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance. Even where different parts of the instrument appear to be contradictory and inconsistent with each other, the court will, if possible, harmonize the parts and construe the instrument in such way that all parts may stand and will not strike down any portion unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part * * *.

"* * * The third paragraph in plain and unambiguous language states that the sale covers and includes 25/200 of all of the oil royalty and gas rental or royalty to be paid under the terms of the lease. * * * Under the decisions mentioned above we must give effect to the intention of the parties as expressed in the third paragraphs of the deeds and hold that the grantees acquired interests in the royalty payable under the existing lease equivalent to the fractional interests specified in these paragraphs."

So it is in the case at bar as reflected by the language used in the third paragraph in the second mineral deed executed on January 3, 1941, showing in unambiguous language the exact interests of both the grantor and the grantee to be ¾ and ¼ respectively of all the jointly owned mineral interest, for which reason the same rules are controlling here. The record conclusively reveals that whatever interest grantor, Hughes, owned, he thereafter conveyed all of it to appellant herein, Kenneth Ellis.

Under the record and authorities cited it is our opinion that the trial court's judgment vesting title and possession of the 160 acres of land in question in and to appellant, Kenneth Ellis, is affirmed but the remainder of its judgment must be reformed so as to award appellant judgment also for an undivided ¾ interest in all the minerals and future rentals in, to and from the said land

with appellee, K. M. Waters, being awarded judgment for only an undivided ¼ interest in all the minerals and future rentals in, to and from the said land. With such reformation of the trial court's judgment being duly shown here, the same is in all other respects affirmed. Reformed and affirmed with all costs adjudged against appellee, K. M. Waters.